UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABE HUMPHREY,

      Plaintiff,

  -against-

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
------------------------------------------------------------X

**DECISION AND ORDER**
14-CV-1079 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Abe Humphrey ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), alleging that the Commissioner of Social Security ("Commissioner"), improperly denied Plaintiff's request for Supplemental Security Income ("SSI") benefits. The Commissioner filed a motion for judgment on the pleadings requesting an order affirming the Commissioner's decision. Plaintiff filed a cross-motion for judgment on the pleadings requesting that Commissioner's decision be reversed and remanded for a new hearing and decision consistent with the Court's opinion. For the reasons that follow, the Commissioner's motion is GRANTED. The Plaintiff's cross-motion is DENIED.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff was born in the United States on July 19, 1964 and can read, write, and understand English. Dkt. 25 (Administrative Record) ("R."), 103, 139. Plaintiff has a tenth grade education. *Id.* at 38. Plaintiff is left-handed. *Id.* at 175. Plaintiff alleges he has been disabled since July 28, 2008 due to medical conditions affecting his upper and lower back, poor circulation, stress, numbness in his legs and feet, ulcers and stomach problems, sleep problems, and the partial loss of his right ring finger. *Id.* at 11, 140.

Plaintiff filed an application for SSI benefits on March 31, 2011. *Id.* at 11, 49. The application was denied on June 14, 2011, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* at 11, 58. An administrative hearing was held before ALJ Lori Romero ("the ALJ") on August 6, 2012. *Id.* at 24-48. On September 28, 2012, the

ALJ found Plaintiff was not disabled. *Id.* at 8-10. Plaintiff appealed *pro se* and submitted additional evidence as part of the record. *Id.* at 6-7. The Appeals Council denied Plaintiff's request for review on December 18, 2013. *Id.* at 1-6. This denial became the Commissioner's final act.

## STANDARD OF REVIEW

When a claimant challenges the Social Security Administration's ("SSA") denial of disability benefits, the Court's function is not to evaluate *de novo* whether the claimant is disabled, but rather to determine only "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc. v. NLRB*, 305 U.S. 197, 229 (1938)); *Moran*, 569 F.3d at 112. "The substantial evidence test . . . applies not only to the Commissioner's findings of fact, but also to the inferences and conclusions of law to be drawn from such facts." *Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999) (Sweet, J.) (internal citations omitted). In determining whether the record contains substantial evidence to support a denial of benefits, the reviewing court must examine the entire record, weighing the evidence on both sides to ensure that the claim "has been fairly evaluated[.]" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (citing *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)) (internal quotation marks omitted).

It is the function of the SSA, not the federal district court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson*, 402 U.S. at 399); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) ("[I]t is up to the agency, and not this court, to weigh the conflicting evidence in the record."). Although the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-269 (S.D.N.Y. 2010) (Sullivan, J.) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)) (internal quotation marks omitted; brackets in original).

To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and "must address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (citing *Calzada*, 753 F. Supp. 2d at 269) (internal quotation marks omitted). "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Id.* (internal quotation marks and citations omitted; brackets in original). Remand is warranted when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (internal quotation marks and citations omitted).

## DETERMINATION OF DISABILITY

### I. Applicable Law

For purposes of SSI benefits, the Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of not less than twelve months[.]" 42 U.S.C. § 1382c(a)(3)(A). The impairments in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 416.920. *See, e.g., Rosa*, 168 F.3d at 77. The claimant bears the burden of proving the first four steps, while the burden shifts to the Commissioner at the fifth step. *Id.* First, the Commissioner must determine whether the claimant is engaging in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not so engaged, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step is to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform past relevant work, the final step is to determine whether the claimant can perform another job based on his RFC, work experience, age, and education. 20 C.F.R. § 416.920(a)(4)(v).

## II. The ALJ's Decision

On September 28, 2012, the ALJ followed the five-step procedure to evaluate Plaintiff's claim and found that: (1) Plaintiff had not engaged in substantial gainful activity since March 31,

2011, the application date; (2) Plaintiff had severe impairments of status post back surgery, status post left leg internal fixation, gastro esophageal reflux disease, and partially missing tip of ring finger on right hand; (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) Plaintiff had the RFC to perform "sedentary work" as defined in 20 C.F.R. § 416.967(a)[1] but that Plaintiff's ability to perform the full range of sedentary work was eroded because Plaintiff must use a cane to walk/balance more than two or three blocks; and (5) considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. R. at 13-20. As a result, the ALJ found that Plaintiff was not disabled since March 31, 2011. *Id.* at 20.

In determining that Plaintiff had the RFC to perform sedentary work, the ALJ considered Plaintiff's testimony, medical evidence, including an x-ray and MRI report, and the medical opinions of Dr. Gordon B. Anderson, M.D., Dr. Walaa B. Housny, M.D., Dr. Iqbal Teli, M.D., Dr. Syed J. Ahmad, M.D., and Dr. Louis Tranese, D.O. *Id.* at 14-20.

The ALJ ultimately concluded "[Plaintiff's] medically determinable impairments could reasonably be expected to cause back pain, however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of his back pain is not credible to the extent they are inconsistent with the medical evidence and opinions expressed[.]" *Id.* at 18 (internal citations omitted). According to the ALJ, both Dr. Tranese and Dr. Burge noted that Plaintiff had the

---

[1] "Sedentary work involves lifting no more than [ten] pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

physical capabilities to perform light work,[2] which requires more exertion and strength than sedentary work. *Id.* Nonetheless, the ALJ gave less weight to these considerations and gave greater weight to "the narrative findings and the fact that the [Plaintiff] still periodically needs physical therapy and injections to control his back pain which would therefore limit the [Plaintiff] to no more than sedentary work with occasional stair climbing, crouching, crawling, and bending." *Id.*

Although the ALJ determined that Plaintiff was not able to perform any past relevant work, the ALJ relied on the testimony of a vocational expert ("VE") to find that Plaintiff has the RFC to perform the requirements of representative occupations such as order clerk, credit card interviewer, and credit checker. *Id.* at 19-20. As a result, the ALJ determined that a finding of not disabled was appropriate. *Id.* at 20.

### III. The Alleged Errors

Plaintiff argues the ALJ, the Appeals Council, and the Commissioner erred in the following ways: (1) the ALJ and the Appeals Council failed to develop the record by failing to obtain medical records associated with Plaintiff's herniated disc and unremitting pain; (2) the Appeals Council failed to consider new and material evidence; (3) the RFC determination that Plaintiff can perform sedentary work is not supported by substantial evidence; and (4) the ALJ erred in assessing Plaintiff's credibility. Dkt. 22 ("Pl.'s Br.") at 15-23; Dkt. 24 ("Pl.'s Reply") at 2-6. Plaintiff requests that the Commissioner's decision be reversed and remanded for a new hearing and decision consistent with this Court's opinion. Pl.'s Br. at 23-24. The Court will address each of the arguments raised by Plaintiff in turn.

---

[2] Light work "involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds," as well as "a good deal of walking or standing." 20 C.F.R. § 416.967(b).

## A. The ALJ Adequately Developed the Record

The Court turns first to Plaintiff's argument that the ALJ and the Appeals Council failed to develop the record by failing to obtain medical records associated with Plaintiff's herniated disc and unremitting pain.

As a general rule:

> An ALJ has an affirmative duty to develop the administrative record in a disability benefits case. The non-adversarial nature of a Social Security hearing requires the ALJ to investigate the facts and develop the arguments both for and against granting benefits. This duty applies even in cases where the claimant is represented by counsel. When the claimant appears *pro se* . . . the ALJ has a heightened duty to develop the administrative record prior to making a determination. This duty to develop the administrative record requires the ALJ to make every reasonable effort to help [Plaintiff] get medical reports from [his] own medical sources.

*Devora v. Barnhart*, 205 F. Supp. 2d 164, 172 (S.D.N.Y. 2002) (Gorenstein, Mag. J.) (internal quotation marks and citations omitted). Additionally, "[t]he ALJ has both a statutory and regulatory duty to fully develop the [Plaintiff's] complete medical history for at least the twelve month period prior to the date that the [Plaintiff] filed for disability." *Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 343 (E.D.N.Y. 2010) (Garaufis, J.) (citations omitted). Remand is appropriate where the ALJ has failed to develop the administrative record. *Devora*, 205 F. Supp. 2d at 173.

Here, Plaintiff claims the ALJ and the Appeals Council failed to fully develop his medical record because they failed to: (1) obtain surgical records for herniated discs in 2009 and 2010; (2) failed to seek 2010 MRI results regarding Plaintiff's back issues; and (3) failed to obtain treating records from Dr. Ahmad based on a 2011 letter. Pl.'s Br. at 15-16. For the reasons set forth directly below, the Court disagrees with Plaintiff.

First, although Plaintiff argues that because the ALJ did not have the 2009 and 2010 herniated discs surgical records, the ALJ incorrectly labeled "status post back surgery" as the severe impairment rather than Plaintiff's actual medical condition, such a distinction is irrelevant. *Id.* at 16. As an initial matter, the ALJ was not required to obtain surgical records for herniated discs in 2009 because an ALJ need only develop a complete medical history for at least the twelve month period prior to the date Plaintiff files for disability. See *Hilsdorf,* 724 F. Supp. 2d at 343. Here, Plaintiff filed for disability on March 31, 2011. As such, records in 2009 would not fall within the twelve month period prior to the date of Plaintiff's disability application, which would only extend to March 31, 2010. In any event, there are no significant gaps associated with the ALJ's failure to obtain surgical records for herniated discs in 2009 and 2010 because these surgeries were documented and reviewed in treatment notes provided to the ALJ by various doctors, including Drs. Anderson, Teli, and Tranese. R. at 206-209, 218-221, 294-297. At the heart of Plaintiff's claim for disability is unremitting back pain. Since the ALJ considered these treatment notes and took into consideration that Plaintiff still needs physical therapy and injections to control his back pain, the ALJ was under no further obligation to obtain the surgical records for herniated discs in 2009 and 2010. *See id.* at 18.

Second, the ALJ was under no further obligation to obtain the 2010 MRI results regarding Plaintiff's back issues because the results were taken into consideration by Dr. Ahmad, who noted that the 2010 MRI revealed disc herniations at L4/L5 and L5/S1. *Id.* at 309. As such, the 2010 MRI results would not have revealed any information not already considered by or available to the ALJ.

Lastly, Plaintiff is incorrect to argue that the ALJ should have obtained treating records from Dr. Ahmad based off a letter provided in 2011 because there was nothing in the letter that

would have required the ALJ to seek out treatment records from Dr. Ahmad. The letter at issue states in its entirety: "[t]he above patient[, Abe Humphrey,] has been suffering with chronic back pain. He has [a] history of back surgery. He has been follow[ing]-up at Brookdale Hospital[,] and he has been getting physical therapy and pain management. He also has chronic problem [illegible] GERM." *Id.* at 226. Because Dr. Ahmad clearly refers to "follow[ing]-up" at Brookdale Hospital, the ALJ satisfied her obligation by requesting and reviewing the treatment notes from Brookdale Hospital from the relevant time period before issuing her decision since the follow-up notes would have had any pertinent information. *See id.* at 195-217, 223-225, 236-293. As such, the ALJ had no further obligation to obtain additional information from Dr. Ahmad based off his 2011 letter.

Based on the foregoing, the ALJ had before her a complete medical history, and the evidence considered was adequate for the ALJ to make a determination as to disability. Accordingly, Plaintiff's motion for judgment on the pleadings on this issue is DENIED.

### B. New Evidence Submitted to the Appeals Council Does Not Require Remand

Next, the Court addresses Plaintiff's argument that the Appeals Council failed to consider new evidence before it. For the reasons discussed below, the Court disagrees.

As a general rule, "[i]f the new evidence relates to a period before the ALJ's decision, the Appeals Council shall evaluate the entire record including the new and material evidence submitted and then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Perez v. Chater*, 77 F.3d 41, 44 (2d Cir. 1996) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)) (internal quotation marks, brackets, and ellipses omitted). "The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Commissioner to decide a [Plaintiff's]

application differently." *Brown v. Comm'r of Soc. Sec.*, 709 F. Supp. 2d 248, 258 (S.D.N.Y. 2010) (Gorenstein, Mag. J.) (quotation marks, brackets, and citation omitted).

Here, the new evidence consists of an assessment from Dr. Ahmad, dated December 21, 2012, and a letter from Dr. Ahmad, dated September 24, 2013. R. at 308-315; Dkt. 26 (Supplemental Administrative Record) ("SR."), at 318.

With respect to Dr. Ahmad's December 21, 2012 assessment, the assessment covers treatment for the period of February 27, 2008 through June 22, 2012. R. at 308-315. The Appeals Council did not consider this information because Dr. Ahmad's "opinions were not supported by objective findings and [were] contradicted by the examination findings [of other physicians]." *Id.* at 2.

Plaintiff argues that Dr. Ahmad's "[2012] report is material because it addresses the findings for severe impairments, and it is reasonable that the ALJ would have made a more specific finding about Plaintiff's back condition if the ALJ had better information." Pl's Br. at 21. Plaintiff is incorrect. Dr. Ahmad's 2012 assessment is not material because it is inconsistent with the evidence of record, including the findings and opinions of Drs. Teli and Tranese. As such, the ALJ would not have issued a different decision had the assessment been considered.

For example, Dr. Ahmad's 2012 assessment is inconsistent with the finding that Plaintiff can perform sedentary work because it concludes: (1) Plaintiff can frequently lift up to 5 lbs. in an 8 hour day, (2) occasionally lift up to 6-10 lbs. in an 8 hour day, (3) cannot bend, squat, crawl, or climb, and (4) can only engage in simple grasping and fine manipulation in the right and left hands. R. at 312-313. Dr. Ahmad's conclusion, however, is not supported by the medical record, which suggests that Plaintiff can perform sedentary work at the very least. Dr. Teli found: (1) Plaintiff can walk on his heels and toes without difficulty, (2) can squat at about 40%,

—10—

and (3) had no difficulty changing for the physical exam or getting on and off the physical examination table. *Id.* at 219. As a result, Dr. Teli concluded that Plaintiff "has a moderate restriction for squatting. [Plaintiff] has mild restriction for bending, lifting, carrying heavy weight, standing, walking, and climbing." *Id.* at 220. Dr. Teli assessed no other limitations. Similarly, Dr. Tranese found: (1) Plaintiff had difficulty squatting beyond 50% maximum capacity, (2) did not need any help changing for the physical examination or getting on and off the physical examination table, (3) was able to rise from the physical examination chair without difficulty, and (4) had no spasm or scoliosis in his lower lumbar spine. *Id.* at 295-296. As a result, Dr. Tranese concluded that Plaintiff had "moderate restriction with forward bending and frequent squatting and mild-to-moderate restriction with frequent stair climbing. [Plaintiff] may have mild restriction with standing long periods and mild-to-moderate restriction with walking long distances. He has no other physical or functional deficits in my opinion." *Id.* at 296. Like Dr. Teli and Dr. Tranese, Dr. Burge found: (1) Plaintiff can walk on his heels and toes without difficulty, (2) can squat at 40%, and (3) did not need any help changing for the physical examination or getting on and off the physical examination table. *Id.* at 228. Dr. Burge also found that Plaintiff could occasionally lift up to twenty lbs. and could frequently lift up to ten lbs. *Id.* As a result, Dr. Burge's conclusions support the finding that Plaintiff could perform sedentary work. Given the contradictory medical evidence in the record, the ALJ would not have issued a different decision had Dr. Ahmad's 2012 assessment been considered.

With respect to Dr. Ahmad's September 24, 2013 letter, the Appeals Council properly excluded this information because it concerns a time period after the ALJ's decision. In this case, the ALJ decided Plaintiff's case through September 28, 2012, but Dr. Ahmad's September 24, 2013 discusses Plaintiff's disability for a time period after September 28, 2012. R. at 2, SR.

—11—

at 318. As such, it could not affect the decision about whether Plaintiff was disabled beginning on or before September 28, 2012. If Plaintiff wants the Appeals Council to consider whether Plaintiff was disabled after September 28, 2012, Plaintiff must apply for SSI benefits again. Accordingly, Plaintiff's motion for judgment on the pleadings on this issue is DENIED.

### C. The ALJ's RFC Finding is Supported by Substantial Evidence

The Court now turns to Plaintiff's argument that the ALJ's RFC finding is not supported by substantial evidence. For the reasons discussed below, the Court disagrees.

RFC is defined as:

> what an individual can still do despite his or her limitations. . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means [eight] hours a day, for [five] days a week, or an equivalent work schedule.

*Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (Mordue, J.) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999) (internal quotation marks omitted). "In making a [RFC] determination, the ALJ must consider a claimant's physical abilities, mental abilities, [and] symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Id.* (citation omitted).

Here, the ALJ determined that Plaintiff had the RFC to perform sedentary work. The ALJ concluded Plaintiff could perform sedentary work because:

> [t]he [RFC] for less than sedentary work is supported by the fact that the [Plaintiff] has been treated for back problems since 2008 as well as the consultative examination of Dr. Iqbal's and Dr. Tranese's orthopedic examination dated June 11, 2012 which revealed limitations in heavy lifting and restrictions with forward bending, frequent squatting, frequent stair climbing, standing long periods and walking long distances, which would generally preclude light work. However, Dr. Tranese opined [that Plaintiff] had no other physical or

> functional deficits and a stable prognosis. It is also noted that Dr.
> Tranese in a check off and Dr. Burge [] indicated that the [Plaintiff]
> could perform light work. Dr. Tranese, in his check off form, found
> the [Plaintiff] capable of lifting and carry up to 20 lbs occasionally.
> He found the [Plaintiff] could sit for seven hours without interruption
> out of an 8 hour day, stand at least 2 hours without interruption and
> stand at least 5 hours in an 8 hour day and walk without interruption
> for up to one hour for a total of 4 hours in an 8 hour day, and that the
> [Plaintiff] needed his cane for ambulation but could use his free hand
> to carry objects. The undersigned has provided less weight to Dr.
> Tranese's check off form and [Dr. Burge's form] and gave greater
> weight to the narrative findings and the fact that the [Plaintiff] still
> periodically needs physical therapy and injections to control his back
> pain which would therefore limit the [Plaintiff] to no more than
> sedentary work with occasional stair climbing, crouching, crawling,
> and bending. The undersigned also took into account that the
> [Plaintiff] is missing a part of his finger on his right non-dominate
> hand and out of an abundance of caution found the [Plaintiff] can only
> occasionally finger with that hand.

R. at 18 (citations omitted). Plaintiff objects to this finding claiming that "[t]he RFC crafted by the ALJ comports with none of the medical source statements of disability-based limitations, nor does it correspond with the other evidence in the record. Instead, the ALJ picked out a piece of one assessment, picked out a piece of another assessment, and cobbled together an RFC." Pl.'s Br. at 16. Based on the record, the Court disagrees and finds substantial evidence exists to support the ALJ's RFC finding that Plaintiff can engage in sedentary work. *See, e.g., Brown*, 174 F.3d at 62.

As discussed above, Drs. Teli, Tranese, and Burge all found that Plaintiff had the physical capability to engage in at least sedentary work. *See supra*, III.B. Each doctor concluded that Plaintiff had no difficulty changing for the physical exam or getting on and off the physical examination. *Id.* Additionally, Drs. Teli and Burge found that Plaintiff could walk on his heels and toes without difficulty. *Id.* They also found that Plaintiff had a mild restriction for bending, squatting, and stair climbing. *Id.* Moreover, Dr. Burge noted that Plaintiff could

occasionally lift up to twenty lbs. and could frequently lift up to ten lbs. – more than what is required for sedentary work. *Id.* Given the consistency of the overwhelming majority of medical evidence in the record, Plaintiff cannot argue that substantial evidence does not exist to support the ALJ's RFC finding that Plaintiff can engage in sedentary work. *See Richardson*, 402 U.S. at 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc.*, 305 U.S. at 229 (defining substantial evidence as "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). As a result, the Court concludes the ALJ's RFC finding is supported by substantial evidence and DENIES Plaintiff's motion for judgment on the pleadings on this issue.

### D. The ALJ Properly Evaluated Plaintiff's Credibility

Lastly, the Court turns to Plaintiff's argument that the ALJ erroneously rejected Plaintiff's testimony about pain as incredible. For the reasons set forth below, the Court disagrees.

While SSA regulations require an ALJ "to take the claimant's reports of pain and other limitations into account, he or she is not required to accept the claimant's subjective complaints without question." *Campbell v. Astrue*, 465 F. App'x 4, 7 (2d Cir. 2012) (internal quotation marks, brackets, and citations omitted); *see also Fontanarosa v. Colvin*, 13-CV-3285, 2014 WL 4273321, at *12 (E.D.N.Y. Aug. 28, 2014) (Brodie, J.). "At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citation omitted). Second, "the ALJ must consider the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id.* (internal quotation marks and citation omitted; brackets in

original). "The ALJ will consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa*, 2014 WL 4273321 at *12 (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)). "To the extent that a claimant's allegations of pain are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Id.* (internal quotation marks and citations omitted).

In making a credibility determination, the ALJ must consider seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of claimant's pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the pain or other symptoms; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain or other symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain or other symptoms. *See* 20 C.F.R. § 416.929(c)(3).

Here, the ALJ concluded that "[Plaintiff's] medically determinable impairments could reasonably be expected to cause back pain, however, the [Plaintiff's] statements concerning the intensity, persistence[,] and limiting effects of his back pain is not credible to the extent they are inconsistent with the medical evidence and opinions expressed[ by Plaintiff's physicians.]" R. at 18 (internal citations omitted).

Plaintiff argues that remand is appropriate because the ALJ failed "to follow well-established rules for making a credibility finding, including application of the listed factors in regulation and evaluation of the record as a whole. The failure to follow these rules in making a

credibility finding also warrants remand to correct the legal error." Pl.'s Reply at 1. Plaintiff is incorrect.

In this case, Plaintiff testified before the ALJ that on a scale of 0 to 10, his pain level is a 7, that he can only walk about half a block due to pain, that he can only stand for twenty minutes before resting, that he could only sit for approximately thirty minutes before having to adjust himself, and that he must use a cane while he is indoors and outdoors. R. at 31, 36-38. The ALJ correctly determined that Plaintiff's allegations were not supported by the medical record. *See Fontanarosa*, 2014 WL 4273321 at *12. As previously discussed, the medical record is filled with findings that do not support Plaintiff's allegations of pain. *See supra* III.B., III.C.

Although Plaintiff argues that the ALJ should have listed out all the credibility factors in issuing her decisions, "[a]n ALJ need not explicitly list all the credibility factors in [her] decision so long as it set[s] forth sufficient reasoning and was supported by evidence of the record." *Scitney v. Colvin*, 41 F. Supp. 3d 289, 305 (W.D.N.Y. 2014) (Wolford, J.) (citing *Finney ex rel. B.R. v. Colvin*, 13-CV-543, 2014 WL 3866452, at *11 (W.D.N.Y. Aug. 6, 2014) (Scott, Mag. J.)) (internal quotation marks omitted). Because the ALJ's decision sets forth sufficient reasoning and is clearly supported by the medical evidence of the record, the ALJ did not err in evaluating the credibility of Plaintiff. Accordingly, Plaintiff's motion for judgment on the pleadings on this issue is DENIED.

## CONCLUSION

For the reasons stated herein, the Commissioner's motion for judgment on the pleadings, Dkt. 19, is GRANTED in its entirety. The Plaintiff's cross-motion for judgment on the pleadings, Dkt. 21, is DENIED in its entirety. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

s/WFK
~~HON.~~ WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2015
Brooklyn, New York